UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
SEP 2 0 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ANNIE R. SMITH
On behalf of:
ALFRED T. THOMAS (minor)
    PLAINTIFF,

v.

COMPLAINT
(42 U.S.C. §1983, §1985)
DEMAND FOR JURY TRAIL
CASE NO. C 07 4835 JCS

U.S. DEPARTMENT OF EDUCATION,
CHARLOTTE-MECKLENBURG SCHOOLS BOARD OF EDUCATION,
MICHELE E. MORRIS, RAYMOND GIOVANELLI,
MUFFET GARBER, MARIA B. PETREA,
JAMES G. MIDDLEBROOKS, MARK W. JOHNSON
         DEFENDANT(S).

---

### A. JURISDICTION

Jurisdiction is proper in this court according to:
a. ✓ 42 U.S.C. §1983
b. ✓ 42 U.S.C. §1985
c. ✓ Other (Please Specify) Title 18 + Title 28

This court has federal subject matter & territorial jurisdiction over this complaint because it arises under the laws and statues of the United States. Venue is appropriate because it is within a district of the United States regarding the acts and omissions giving rise to this lawsuit combined with the inability of plaintiff to obtain a fair hearing in local district of defendants.

### B. PARTIES

1. **Name of Plaintiff & Address:**
   on behalf of
   ALFRED T. THOMAS (minor)        ANNIE R. SMITH (Grandmother)
   5906 BARRINGTON DRIVE      by   5906 BARR INGTON DRIVE
   CHARLOTTE, NC 28215             CHARLOTTE, NC 28215

2.  **Name of Defendant:**  U.S. Department of Education
    **Address:**  400 Maryland Ave., SW
    Washington, DC 20202

**Is Employed as** <u>Federal Education Agency</u>  **at**  <u>United States</u> .
(Position / Title, if any)          (Organization)

**Was the defendant acting under the authority or color of state law at the time these claims occurred?**

YES ✓   NO____ . **If your answer is "YES" briefly explain.**

This federal funding agency is required to enforce various Federal Laws including Educational Acts, Civil Rights, equal educational access opportunities, and other student & education protections & services with funding to public schools who are required to abide by Constitutional, Federal, State Laws & Statutes. This agency was continually made aware of abuses against student (and student's personal advocate & custodial parent) by CMS but was criminally indifferent to student & his rights while continually aiding, abetting and conspiring with CMS with continued federal funding and continually misrepresenting events reported to them such that CMS would not be penalized for discrimination, harassment, retaliatory, coercive acts & other "under color of law" abuses.

3.  **Name of Defendant:**  Charlotte-Mecklenburg Schools
    **Address:**  701 E. Martin Luther King, Jr. Blvd.
    Charlotte, NC 28202

**Is Employed as** <u>School District</u> **at** <u>Charlotte, NC</u> .
(Position / Title, if any)          (Organization)

**Was the defendant acting under the authority or color of state law at the time these claims occurred?**

YES ✓   NO____ . **If your answer is "YES" briefly explain.**

Charlotte-Mecklenburg Schools senior & lower officials were repeatedly made aware of unjust & unfair situations through emails, registered letters, and hand-delivered letters to Superintendents Departments over a period which covered the appointment of three different Superintendents, different Board members & others without any adequate or appropriate actions taken regarding the violations & deprivations of student's rights which were directly & progressively denied & infringed upon after additional complaints were made. Negligence, breech of contract & breach of the implied covenant of good faith and fair dealing, harassment & intimidation by attorneys regarding school issues.

3. **Name of Defendant:** Michele E. Morris
   **Address:** 701 E. Martin Luther King, Jr. Blvd.
   Charlotte, NC 28202

**Is Employed as** <u>Co-General Counsel</u>   **at**   <u>Charlotte-Mecklenburg Schools</u>.
   (Position / Title, if any)           (Organization)

**Was the defendant acting under the authority or color of state law at the time these claims occurred?**

YES ✓  NO_____ . **If your answer is "YES" briefly explain.**

She conspired with co-defendants to mislead and to suppress student's rights, abused her position and authority by discriminating & retaliating against student & parent who exercised & asserted their rights by engaging in Federal Protected Activities and also filing complaints. She denied request for written explanation regarding the deprivation & violations of student's rights, privileges, & immunities.

3. **Name of Defendant:** Raymond Giovanelli
   **Address:** Elizabeth Traditional Elementary School
   Charlotte, NC 28204-2440

**Is Employed as** <u>Principal</u>   **at**   <u>Elizabeth Traditional Elementary School</u>.
   (Position / Title, if any)           (Organization)

**Was the defendant acting under the authority or color of state law at the time these claims occurred?**

YES ✓  NO_____ . **If your answer is "YES" briefly explain.**

Repeatedly denied student equal educational opportunity and access for testing & programs, conspired with others to commit fraud and misrepresentation.

3. **Name of Defendant:** Muffet Garber
   **Address:** 701 E. Martin Luther King, Jr. Blvd.
   Charlotte, NC 28202

**Is Employed as** <u>Associate Superintendent for Educational Services</u>   **at**   <u>CMS</u>.
                 (Position / Title, if any)           (Organization)

**Was the defendant acting under the authority or color of state law at the time these claims occurred?**

YES ✓ NO____.  If your answer is "YES" briefly explain.

While serving in position of Regional-Superintendent at student's previous school (Collinswood Elementary) she was made aware of all facts regarding violations & deprivations of student's rights and allowed/encouraged the abuses to continue. She also conspired with co-defendant Morris to ignore request for written explanation or justifications regarding the deprivation & violations of student's rights, privileges, & immunities.

3.   **Name of Defendant:** Maria B. Petrea
     **Address:** Collinswood Elementary School
     4000 Applegate Rd.
     Charlotte, NC 28202

**Is Employed as** <u>Principal</u> at <u>Charlotte-Mecklenburg Schools</u>.
         (Position / Title, if any)            (Organization)

**Was the defendant acting under the authority or color of state law at the time these claims occurred?**

YES ✓ NO____.  If your answer is "YES" briefly explain.

Denied student equal educational opportunity and access for testing & programs, conspired with others to deny parent involvement and direct access & communication with student's teachers, the discrimination & violation of his rights forced student to transfer out of school with many great friends.

9.   **Name of Defendant:** James G. Middlebrooks
     **Address:** 201 North Tryon Street
     Charlotte, NC 28202

**Is Employed as** <u>Attorney</u> at <u>HELMS, MULLIS & WICKER PLLC</u>.
         (Position / Title, if any)            (Organization)

**Was the defendant acting under the authority or color of state law at the time these claims occurred?**

YES ✓ NO____.  If your answer is "YES" briefly explain.

Use of malicious libel & defamation of character by a Nov. 27, 2006 publication used as pretext to deny & deprive student of his rights & property. Defendants received federal funds from representing a federal funded institution (and it's officials) violating plaintiff's rights in addition to defendant Middlebrooks also violating (under color of law) plaintiff's rights, interfering with and depriving plaintiff of his Rights under Federal Civil Laws & Statutes, U.S. Constitutional, Congressional Educational Acts, State of NC constitutional, and plaintiff's Rights of being a child by actual, implied, and suggested

threats of Police force and retaliation against plaintiff's personal advocate & custodial parent engaging in Federal Protected Activities and exercising his Constitutional Rights.

9.  **Name of Defendant:**           Mark W. Johnston
    **Address:**                     201 North Tryon Street
                                     Charlotte, NC 28202

**Is Employed as**   Attorney    **at** HELMS, MULLIS & WICKER PLLC.
         (Position / Title, if any)           (Organization)

**Was the defendant acting under the authority or color of state law at the time these claims occurred?**

YES ✓ NO____ . **If your answer is "YES" briefly explain.**

Violated student's Educational & Constitutional rights, privileges, immunities & violated student's rights protected under the Civil Rights Act of 1964 by an Oct. 3, 2006 publication in which he (along with co-defendant Morris) engaged in Conspiracy Against Rights, Deprivation Against Rights Under Color of Law.

### C. NATURE OF CASE

**Why are you bringing this case to court? Please explain the circumstances that led to the problem.**

  Annie R. Smith brings this action with her grandson (Alfred T. Thomas) due to the costly individual, family & financial sacrifices and damages she has sustained & incurred by her total support in everyway possible of the efforts of the father of Alfred in his efforts to hold public officials accountable regarding the disgraceful, unjust, & illegal abusive systematic discrimination being done with malicious and wonton indifference to her grandson (under the color of law), such that the harm, damage & injury being inflicted upon her family [property] today will continue to be felt & suffered for generations to come.

  Regardless of the personal cost, burden or sacrifices Annie R. Smith has incurred; no child should be discriminated against, abused, and deprived of what belongs to him by adults simply because they desire to protect their own livelihoods, for financial gain or their desire to seek retaliation, intimidation, against the father of the child because the father spoke out against the injustices violations & deprivations of the child's rights. The acts are even more reprehensible when carried out against innocent children because of their race and/or due to their social/economic class by the very public officials & institutions that are supposed to serve society by promoting the public's general welfare & interests. The ultimate cost, pain, damage & suffering being cruelly, maliciously and unconstitutionally subjected upon this child by each of these defendants can amply be described as a Crime Against Humanity.

These problems have been reported to local, state and federal officials who have permitted it to continue while the 11-year old plaintiff is continually subjected to harm and injury. This includes multiple complaints submitted to the U.S. Department of Education Office of Civil Rights Division (OCR) who claims to enforce the federal statutes to prevent & prohibit these types of reported abuses. Instead of enforcement & proper execution of their duties to enforce the Federal Laws & Statutes, OCR has shown wanton and criminal indifference to the law, the Constitution, and the student's rights while continually aiding & abetting CMS by providing funding of over $76 million dollars.

These defendants acted under color of law by willfully depriving and/or conspiring to deprive Alfred T. Thomas (and his personal advocate & custodial parent Randy L. Thomas) of multiple rights protected by the Constitution, Federal Civil Rights Laws & statutes, Congressional Educational Acts, North Carolina's State constitutional rights, child/student rights, parent's rights, & Human/Natural Rights.

### D. CAUSE OF ACTION

**I allege that my Constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (if necessary you may attach additional pages)**

a.  (1)  **Count I:**
Aided & abetted, provided federal funds, failed to enforce Federal Laws & statutes, the Civil Rights Act of 1964, Constitutional Rights of Student and/or parent, Congressional Acts. Gross & malicious Negligence, Conspiracy Against Rights, Deprivation of Rights Under Color of Law, Pattern & Practice, Conspiracy to Commit Offense to defraud United States, defamation of character & malicious libel, Child Endangerment, Conspiracy to commit fraud.

(2) **Supporting Facts: (Describe exactly what each defendant did or did not do. State the facts clearly in your own words without citing any legal authority. Use additional sheets if necessary.)**

**U.S. Department of Education** (individually & in its official capacity) failed to actively intervene regarding each reported abuse and act of discrimination, intimidation, retaliation, coercion, violation of Federal, Constitutional, Educational, Student/Child Rights was reported to US Department of Education Office of Civil Rights division & FERPA division. Defendant acted with extreme indifference to the rights of the student (and student's parent) without requiring the recipient of federal funds to adhere to the Federal Laws & statutes which US Department of Education is supposed to enforce.
Defendant engaged in acts of Racketeering Influence and Corrupt Organization (RICO) activities. Defendant also violated Civil Rights Act of 1964 & 42 U.S.C. §1983, §1985, Title 18 & Title 28.

**b.   (1)   Count II:**
Gross Negligence by CMS to adequately address reported problems violating plaintiff's Educational, Constitutional, Federal Civil rights, privileges & immunities, conspiracy, aid & abetting, violating Civil Rights Act of 1964.


**(2)   Supporting Facts:**
**Charlotte Mecklenburg School System (CMS)** (individually & in its official capacity)- was made aware of abuses, problems & issues (through the offices of three different Superintendents (Pugsley & Haithcock & Gorman) in addition to the CMS School Board Members and other Regional Superintendents of CMS without an appropriate review or good faith efforts or attempts to resolve the problems as student was simultaneously & continually harassed & deprived of rights.


**c.   (1)   Count V:**
Liable, fraud, and abuse of authority & position of CMS General Counsel.

**(2.)   Supporting Facts:**
Defendant **Michele E. Morris** (individually & in her official capacity); despite never having met plaintiff's father, suggested (via speaker phone) in meeting him & co-defendant Petrea regarding suspending classroom visit by other family members during a period student was receiving weekly emotional physiological counseling (due to family issues) that father was hostile after Defendant Petrea suggested it appeared father was stalking the other person.

By her presence and statement during December 6, 2004 meeting with defendant Garber she encouraged defendant Garber to ignore student's rights due to some or all of the following reasons: race, economic status, class, the power of her position, conspiracy, collusion, and overall perception of superiority above others.

Also, Letter written on February 8, 2006 and copied to other parties is fraudulent in it's intent and statements…letter states that co-defendant Giovanelli initiated the process for Talent Development Program assessment and that it was "student's father decision not to proceed at the time." this is totally false. The father had been requesting and interested in student being in this program for approximately three years, especially after learning that certain students had been "discouraged" and steered in an opposite direction of this program based not solely on there ability but instead on the perceived viability of students and value to the school/district. Student's father has even placed a letter commenting on this in side my Official School Record's file so that there would be no question regarding father's desire and frustration. Upon entering then current school (Elizabeth Traditional Elementary) father requested (repeatedly) to "anyone who would listen to him" that he wanted testing & involvement of Talent Development for student. A primary reason father selected Elizabeth Traditional Elementary was due to school being advertised as a leading participant of Talent Development program, but both Principal Giovanelli & Regional Superintendent Cooper denied his request just the same

as the principal of student's original/former school (co-defendant Petrea of Collinswood Elementary) had done time & time again). Student's father even has written communication from & with Defendant Giovanelli saying that student would not be recommended for testing. It is totally false (as claimed by co-defendant Morris) that student's father made any type of request not to proceed...

Student's father even requested that student unofficially (without credit) "just be placed into the program and work with students TD teacher he felt student would have much more in common with than many of student's other typical classmates. Father made this request due to being told that "a parent's request would be sufficient for admission to the program if approved by school the principal" yet this request was not honored by co-defendant Giovanelli either.

Only after the father contacted Congressman Mel Watt & being referred to NC State Superintendent June St. Clair Atkinson prompt defendant Morris who fraudulently published a false & misleading letter dated Feb. 8, 2006. After this letter testing was hurriedly scheduled by schools TD teacher (Ms. Shinn) with an agreed upon date of March 18 and student's father turned the consent form in on Thursday Feb 16th and father was called around noon on Friday, Feb 17th by Ms. Shinn informing him student needed to be at the testing site the very next day (this was during the time class state projects were due and we'd been up late the previous nights getting it done). Although my dad was disappointed that he would not be able to make sure I was as ready as possible from rest & practicing up on test taking skills.

Parent was told to expect results in about two weeks. A month later, notice was sent indicating student did not meet the requirements. Being quite surprised, father requested to confirm/review test & results but was informed that it is policy to destroy the answer sheets after about 4 weeks. This unfortunate & questionable coincidence made it impossible to actually confirm if the student actually did or did not meet the requirements for a program which he had been repeatedly denied & prevented from participating in by school officials; therefore father does not concede that that student should not have been allowed participation in the program.

The defendant has continued to engage in intimidation & retaliation against the student and engaged in acts of Racketeering Influence and Corrupt Organization (RICO) activities. Defendant also violated Civil Rights Act of 1964 & 42 U.S.C. §1983, §1985, Title 18 & Title 28.

**d.   (1)   Count II:**
Principal has denied student testing and participated in a fraudulent claim & malicious libel. Denied student equal educational opportunity & access, deprived student of his 14th Amendment Rights.

**(2)   Supporting Facts:**
Defendant **Raymond Giovanelli** (individually & in his official capacity) repeatedly denied student equal access and opportunity of higher level testing & participation in programs best suited to student's capability thereby depriving student of his 14th Constitutional Amendment Rights. Participated in fraudulent allegation made by Michele E. Morris (also defendant in this complaint) that was copied to Dr. Ronald Dixon (CMS Assistant Superintendent), and Dr. Elva Cooper, (CMS Regional Superintendent) in effort to mislead & conspire to commit fraud. Mr. Giovanelli (along with Dr. Cooper) are complicit in this act due to not having corrected the record regarding the facts as stated in February 8, 2006 letter by defendant Morris.

During the 2005-2006 school year student's father (who has also taught student math material due to being a trained Designer/Engineering Technician requested student be placed in the most advanced math class/program at the school due to frequently (and questionably) having math cited as the reason to deny student from participation in the Talent Development Program. Student's class was changed but no proof/evidence was supplied indicating any method/proof of actually verifying or determining if indeed student was placed in a higher level math class as was the intent of the request of the parent who is naturally not very trusting of CMS or their officials. Defendant also violated Civil Rights Act of 1964 & 42 U.S.C. §1983, §1985, Title 18 & Title 28. engaged in acts of Racketeering Influence and Corrupt Organization (RICO) activities.

**e.   (1)   Count II:**
Muffet Garber (individually & in her official capacity) ignored, deprive, & violated student's constitutional rights, privileges and immunities as a minor and as a student and child.

**(2)   Supporting Facts:**
**Muffet Garber** at the time she was Regional Superintendent of student's school (Collinswood Language Academy) and was made aware of all facts through emails, hand delivered letters, certified letters, and face to face meetings (the last was 10:00 am on Dec 6, 2004). Although aware of situation she allowed the continued denial of student's rights as a minor (and the rights of student's father to advocate and solicit information regarding student's educational environment, safety, welfare, and happiness). Instead of ensuring student would be treated justly she only encouraged my father to continue being treated unfairly or transferring me from the only school student had ever attended and was known by everyone, with many special friends of fellow students, parents, and staff members.

Defendant Garber also failed to acknowledge & honor the request of student's father to receive a written explanation & justification explaining why student's rights were being ignored. She remained silent during December 6, 2004 meeting with

student's father when defendant Morris (seated next to her) informed father "that they did not have to provide him with anything" in regards to the Federal Civil Rights Laws & statutes, Constitutional, Educational, student, parent rights being violated. Defendant also violated Civil Rights Act of 1964 & 42 U.S.C. §1983, §1985, Title 18 & Title 28. engaged in acts of Racketeering Influence and Corrupt Organization (RICO) activities.

**f.     (1)    Count II:**
Treated student with criminal indifference and disregard to his rights while violating student's Federal Civil Rights, Laws & statutes, Constitutional Rights, Educational, student, parental rights & privileges, engaged in Conspiracy Against Rights, Deprivation of Rights Under Color of Law, violated the Civil Rights Act of 1964 & 42 U.S.C. §1983, §1985, Title 18 & Title 28 to sever student's custodial parent from school, teachers, and staff with intimidation to restrict his efforts to ensure student's right to be happy, safe, suitably challenged and receive a constitutional adequate education.

**(2)    Supporting Facts:**
Defendant **Maria B. Petrea** (individually & in her official capacity) refused to allow or permit father had student's ultimate best interest as his utmost goal in his many efforts to communicate with her regarding student's classes, teachers, parental visits, capability, honesty, sincerity, economic need, reporting inappropriate behavior (cursing or threats) to others during student's years of Kindergarten to middle of 4th Grade where student's only viable alternative was to change schools leaving behind many close friends & relationships, forfeiting developing his dual language ability and knowledge.

Defendant Petrea's actions were counter to student's welfare due to her effort to distance student from his father by suggesting student should not tell him everything when student experience problems at school or on the bus. Along with defendant Morris she attempted to malign student's father with malicious & unwarranted charge that he's hostile or behaving criminally by "stalking" student's mother so that father would have to remain silent and/or not be given any real consideration when he approached other individuals on my behalf (effectively abridging student & parent's free speech) and to also free herself to make whatever unjust/biased decision she wished regarding visits at the school. Plaintiff feels efforts were made such that his father would be intentionally provoked to make trouble or a disturbance as a pretext such that in the future be silenced regarding what was & was not best for student.

Teachers & staff members were not allowed to communicate freely & openly with student's father due to directive of Defendant Petrea and unjustly & illegally supported by Defendant Garber resulting in need to change schools.

Defendant Petrea also failed to intervene or take action when one of her teachers challenged father to a fight (by suggesting "they meet somewhere private, and resolve things man to man" during a conference meeting attended by others in her staff due to problems student was having with his teacher who was having portions of our discussion translated to her by this individual and the principal due to student's teacher had not been in the country very long and was still learning English.

Defendant violated Civil Rights Act of 1964 & 42 U.S.C. §1983, §1985, Title 18 & Title 28 and engaged in acts of Racketeering Influence and Corrupt Organization (RICO) activities.

**g.    (1)    Count II:**
Defendant **James G. Middlebrooks** (individually & in his official capacity) engaged in Reckless malicious libel & slander; Conspiracy to Maliciously Prosecute; False Arrest; Class & Discriminatory Harassment; Intimidation; Intentional gross negligence; Child Endangerment/Abuse; violation of plaintiff's constitutional & civil rights including (but not limited to) the following: Conspiracy Against Rights; Deprivation of Rights Under Color of Law; Federally Protected Activities Rights; 1964 Civil Rights Act; 4th Constitutional Amendment of "The right of the people to be secure in my persons…and effects, against unreasonable searches and seizures…"

**(2)    Supporting Facts:**
The background regarding the publication of this letter are: having already filed a civil complaint against the Charlotte-Mecklenburg Schools (CMS) (who is being represented by the defendants of this action) and due to plaintiff's consistent and persistent efforts in asserting his rights this school year (2006-2007) to obtain information and answers from school officials/teachers regarding: uncharacteristic low & failing grades; a principal (Ynez Olshausen) who refused to provide information requested under FOIA; problems with having student placed within correct math class [despite having requested the class at the end of the previous year on the class schedule request, having sent a certified letter requesting this correct class by an official date, sending an email request prior to the start of the school year regarding this class and pointing it out multiple times to his teacher, the principal, CMS Superintendent Gorman and his staff including the CMS Regional-Superintendent, CMS Executive Officer & other senior CMS Staff, NC Department of Public Instruction Department, along with the U.S. Department of Education after the beginning of the school year upon realization student was still not in the proper class…]; failing grades and attempts of addressing a statement from a science teacher that upon conclusion of a conference responded to plaintiff's suggestion of further communications received a negative response when other instructors & vice-principal were present; having difficulty with obtaining a school write-up report where student was a victim of physical assault and racial slurs (following soon after a Nov. 9, 2006 decision in the other civil suite) where school reported the physical assault but omitted the racial taunting made to student by his attackers despite student reporting both physical & racial aspects to school officials; requesting an explanation about why the full aspect of the assault & racist taunting were not fully reported and what type of action plan did CMS Superintendent Gorman propose to address similar other incidents; and due to a problem of reluctance and (as stated by the science teacher and vice-principal) "being too busy" and being refused viewing/adding comments to an educational document which was supposed to be a record of agreement between the school/teacher and the parent.

On the morning of November 21, 2006, due to not receiving any favorable outcomes or results from my request & efforts and wanting to resolve the Science class issues such that attention could be provided to the problems of lack of good results in another class (and not wanting to create a disturbance at a place I would not want others to because my child & others were present in addition to it not being anything that would help or achieve a positive resolution to my request) I called for the assistance of an outside police officer due to not wanting to involve the assigned school resource police officer (Ms. M.E. McDonald #0529) who has an office and relationship with the student's school.

While waiting for the officer to arrive Officer McDonald berated plaintiff and attempted to intimidate plaintiff. Eventually another officer arrived (Mr. R.M. Champion #0600) who listened separately to me and Officer McDonald who was agitated & disgruntled. Officer Champion provided plaintiff a written statement confirming I came & requested to view my child's educational document and was not permitted to. In addition he provided a CMPD business card with a written complaint # of 2006 11-21-1246 01. Receiving this, plaintiff left. Upon realizing still no time had been provided to view the educational document before the commencing Thanksgiving break, plaintiff returned to school (having driven about one block) and went back to front office desk and requested to schedule an appointment date sometime after the Thanksgiving break. Receptionist placed called on a radio to Vice Principal's Office (who I'd earlier met with that day about the physical assault & racial incident omission and unsuccessful request to view the educational document in a side office room (without the need of the "too busy" teacher being disturbed or imposed upon). The receptionist's radio call was responded with the voice of Officer McDonald (apparently in conference with Vice Principal Willis), she [Officer McDonald] curtly answered the receptionist with "I'm on my way up there." Despite this radio response, I was greeted by Vice Principal Willis (not Officer McDonald) a few moments later. I was taken into the Office side room by Ms. Willis who indicated to me for the first time (although I'd just spoken with her about it less than an half-hour earlier) that the educational document I'd requested to view was not kept at the school but needed to be transported there. I later learned that Officer Champion was told this (apparently when he spoke with Officer McDonald alone). At no time (prior to being informed by Ms. Willis in the side office after her time spent with Officer McDonald).

Due to not feeling Officer McDonald was fair, or true to her sacred oath and been made to feel she attempted to abuse her authority as a police officer I submitted a written complaint to Charlotte-Mecklenburg Chief of Police Darrel Stephens concerning my treatment by Officer McDonald.

Due to this, a few days later (Nov. 27, 2007) Attorney James G. Middlebrooks wrote and mailed a threat letter alleging improper action & behavior on my part which is an act by the defendants to deprive me (and my child), under the color of law, of my civil rights. Not knowing this letter had been sent and receiving a "vague & non-specific" letter from my child's school in the previous day's mail I went to the school (as normal) on Dec. 1 to question what this other letter was about and was made aware of the presence of the Threat Letter and told to leave. I indicated I was not aware of this letter

but would abide by its instructions even though it was unfair. Since I was there & due to not being able to ascertain what I came to ask about, I requested to pick up my child and was denied by Principal Olshausen (who was not present during my visit to the school on Nov. 21, 2006). Principal Olshausen radioed for Officer McDonald to come to the lobby and I informed her of the same as told to Principal Olshausen and was arrested and taken to jail [file#06-CR-255496-01]. The mailed Threat Letter was in my mailbox later that evening in which I was fortunately able to arrange to be released from jail

The wild & malicious publication of this letter endangered my child (educationally, emotionally, and financially) and resulted in him being left alone for an extended amount of time until I was fortunately able to obtain release around 8:30 PM that evening despite informing magistrate that that I had no one to take care of my child.

Defendant's motive in the publication of this letter of threat & provocation entail: 1.) Facilitating their firm and fellow attorney's efforts; 2). To provide cover to it's client's continual acts & misdeeds; 3.) To eliminate and/or mitigate plaintiff's previously stated intent to modify terms of relief for damages in other civil action as plaintiff deems appropriate; 4.) Reduce their efforts by assaulting plaintiff's liberty, good name, reputation, honor and integrity with the malicious intent to cause greater damage to students school performance, results and treatment through the invention and publication of this letter to sever plaintiff from the role of "in-person advocate" for plaintiff's child by creating additional communication barriers of school access and communications. This 8 ½ x 11 paper document is an "assault weapon" the defendants (to the detriment of an 11 year old child victim) intended to use to manipulate & corrupt events and the educational environment thereby securing/maintaining current and/or future fees and contracts from their taxpayer funded client (Charlotte-Mecklenburg Schools).

The premeditated actions of the defendants should be viewed in an even darker light of intentional, malicious, gross recklessness due to either the defendants given knowledge at the time of publication and/or the defendants lack of knowledge at the time of publication. Each of the defendant's within this action attempted to control & oppress with their efforts and transform plaintiff's child into either a "virtual" or actual CMS orphan student by their tactics of unwarranted allegation, malicious liable & slander, intimidation, misuse of the law (and its' officers), while provoking a hostile confrontation such that police with guns would (under the color of law) eliminate and/or render obsolete the custodial parent of the child their client has been charged of egregiously abusing, harassing, discriminating against, and willfully, repeatedly violating a myriad of child's civil & constitutional rights. With the hope and intent of capitalizing on the justifiable (but not achieved) expected outrage of indignation of a custodial father who has consistently, calmly, and persistently advocated for the fair treatment and rights of his son while simultaneously enduring & forsaking personal economic gain and/or advantage.

Defendant engaged in acts of Racketeering Influence and Corrupt Organization (RICO) activities. Defendant also violated Civil Rights Act of 1964 & 42 U.S.C. §1983, §1985, Title 18 & Title 28.

**h.   (1)   Count III:**
Defendant **Mark W. Johnson** (individually & in his official capacity) violated plaintiff's constitutional & civil rights including (but not limited to) the following: Conspiracy Against Rights; Deprivation of Rights Under Color of Law; Federally Protected Activities Rights; 1964 Civil Rights Act; 4th Constitutional Amendment of "The right of the people to be secure in my persons...and effects, against unreasonable searches and seizures..."

**(2)   Supporting Facts:**
Because student was not in the correct math class at the beginning of this school year (2006-2007) despite his personal advocate & custodial parent having requested the class at the end of the previous year on the class schedule request, having sent a certified letter request, sent email request prior to the start of the school year and pointing it out to his teacher, the principal, CMS Superintendent Gorman and his staff including the CMS Regional-Superintendent, CMS Executive Officer & other senior CMS Staff, NC Department of Public Instruction Department Superintendent, and the U.S. Department of Education; declining an offer to have a conference with 2006-2007 school year Principal Ynez Olshausen due to her "apparent lack of knowledge" regarding the make-up of the students in the math classes within her school and showing total reluctance in correcting the oversight she'd previously been advised of necessitated a phone call to the CMS Superintendent Dept. on the date of Sept. 20, 2006. Parent explained (on phone) that due to not being able to resolve this issue at the child's school he would be coming there to resolve it. Upon arrival to the CMS Education Center, student's parent was intimidated & harassed as he was greeted by 3 CMS School Law Enforcement Officers who repeatedly refused to allow parent to proceed to the Superintendent's Department despite saying that "they were NOT preventing parent from going to the superintendent's Department". Parent was eventually informed by School Law Enforcement Officer Mr. Ted Pearson, Executive Director of Law Enforcement Department Charlotte-Mecklenburg Schools, phone: (980) 343-6030, fax: (980) 343-6033, email: t.pearson@cms.k12.nc.us) that due to having filed a civil complaint against CMS any communication would need to be sent to the CMS General Counsel Michele E. Morris. Parent mentioned that Ms. Morris had been named as a co-defendant in the same civil complaint and ultimately realizing these officers were likely "just doing their job", and acting at her instruction to intimidate & deny parent access to discuss the unresolved wrong class problem, and despite asking numerous times to be allowed to go past them to reach the superintendent department down the hall, or to be provided written confirmation from the superintendents department stating either: "they had been made aware" or that "problem would be resolved"; or granted a scheduled appointment (since they too had already been notified of the problem to no avail).

Understanding parent was being denied the ability to peaceably take his grievance to the appropriate department due to the instructions of Michele Morris, plaitiff indicated that he would leave & (with the three CMS Law Enforcement Officers) they all walked out of the building, shook hands & parent left.

The following day, parent wrote to the CMS officials, including Superintendent Gorman about the previous day's incident. Parent indicated that he'd follow an

instruction to not attempt to meet with the Superintendent if they requested but that by making this request they would only be confirming some of the very items within the complaint [W.D.N.C No. 3:06CV238-MU] due to being treated/regarded differently than other parents validated the fact that neither student or parent were being treated fairly or equally by CMS and it's officials. Parent received the reply dated Oct. 3, 2006 from Attorney Johnson indicating due to ongoing litigation they should not attempt to contact the educational department or board of education directly. By doing this, Attorney Johnson went beyond zealously protecting his client and infringed upon plaintiff's rights in addition to the rights of student's personal advocate & custodial parent of a current CMS student through the propagation of the same retaliatory & prejudicial treatment defendant Johnson's client desires to continually inflict upon plaintiff (and his parent) as punishment for exercising the right to seek redress from these same clients.

     Defendant engaged in acts of Racketeering Influence and Corrupt Organization (RICO) activities. Defendant also violated Civil Rights Act of 1964 & 42 U.S.C. §1983, §1985, Title 18 & Title 28.

### E. INJURY

**How have you been injured by the actions of the defendants (s)?**

     The defendants, all representatives of The Law Organization of the USA, have engaged in acts of Racketeering Influence and Corrupt Organization (RICO) activities.

     Plaintiff's family time, confidence, and self image has suffered; unlike other students, plaintiff and his father have been discriminated against & denied due process; plaintiff has been denied equal education access; the conspiracy against his rights & depravation of rights under color of law has resulted in school officials indicating plaintiff should repeat the 6th grade and also attend a different school (away from all of his long term & best friends); due to the violations of plaintiff's rights under: the 1964 Civil Rights Act, No Child Left Behind, IDEA, Primary And Secondary Education Act, US Constitutional rights & Federal Civil Rights Laws & statutes plaintiff has been injured and suffered (and continues to suffer). Plaintiff has also suffered by the systematic & illegal malicious attack by local, State, & Federal government officials of the United States of America in the conspiracy of attacks of plaintiff's advocate & custodial father because (as parents are supposed to protect their children & make others aware when there are problems) he has persisted in reporting these ongoing violations and abuses as political & public officials have refused to honor their oaths and responsibilities under the law and the laws of the land including the United States Constitution and instead took action to "cover-up" the abuses and discrimination thru efforts to punish, malign, defame plaintiff's father as a pretext to effectively & actually abridge plaintiff's 1st Amendment Rights of "free speech", "ability to peaceably assemble", or "petition the government" to facilitate not upholding plaintiff's rights as a child, or as a citizen of the United States of America.

The defendants have (under color of law) misused their positions & ignored their oaths by ignoring and disregarding plaintiff's rights in violating his 14th Amendment rights with malicious deprivation of plaintiff's interests & plaintiff's property [his personal educational advocate and custodial parent] without just compensation, Due Process, Probable Cause such that plaintiff will be continually damaged, denied equal educational opportunity access discriminated against by educational officials, other governmental officials and institutions.

The continued and total indifference of the defendants has resulted in an innocent student educational environment & efforts being intentionally & maliciously sabotaged by the defendants while being treated and regarded with indifference to his rights in a negative, hostile, unfriendly, unwelcoming individual who has been not allowed to succeed or prevail in the public educational environment due to it being in conflict with the desire to continue discrimination in order that student would leave or the unjust actions of others would remain concealed. The reporting of this problem to multiple officials including the *U.S. Dept of Education, U.S. Dept. of Justice, U.S Senator Richard Burr, U.S. Congressman Mel Watt, NC Governor Mike Easley, NC State Senator Malcolm Graham, NC Attorney Roy Cooper, The NC State Bar, State Superintendent June St. Clair Atkinson, Charlotte-Mecklenburg Mayor Patrick McCrory and City Council Members and District Attorney Peter Gilchrist, Charlotte-Mecklenburg District Courts, Charlotte-Mecklenburg Superior Courts have all been previously made aware of the ongoing discrimination and abuses but only acted (by lack of action or intervention) to permit and allow its continuation despite being made aware of the injury & harm being done to the plaintiff and his parent (despite these officials taking sworn oaths to uphold the Constitution, laws, and/or the rights of others in fulfilling their offices of duty).*

Damage, Injury, infliction of emotional distress was suffered by plaintiff due to the disregard, indifference, denial of equal protection of the laws the defendants has continually (under color of law) been subjected to for the purpose of aiding & abetting other related local, state, and federal funded government officials in a Conspiracy Against Rights; Deprivation of Rights Under Color of Law; Interference of Federally Protected Activities, Pattern & Practice abuses, violating plaintiff's rights under the Civil Rights Act of 1964 and 42 U.S.C. §1983, Violation of his Privacy & Right to be left alone, US Constitutional abuses, State of North Carolina constitution abuses, NC State Bar Rules of Professional Conduct violations, State of North Carolina Board of Education violations, false advertisement, breach of contract, harassment, child endangerment, child abuse, Conspiracy to defraud the Government, misappropriation of public funds, non-consistent public comments, and other acts of violations and abuse of the public's trust and/or the general public's welfare and interest.

The 11-year old plaintiff is the victim of the defendants Crimes Against Humanity.

### F. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

**Have you filed other lawsuits in state or federal court that deal with the same facts that are involved in this action? YES __✓__ NO _____**

**If your answer is "YES", describe each lawsuit. (If there is more than one lawsuit, describe additional lawsuits on additional separate pages, using the same outline.)**

Page 16 of 19

1. **Parties to previous lawsuits:**

   Plaintiff(s): Annie R. Smith on behalf of Alfred T. Thomas

   Defendant(s): The United States of America, Peter Gilchrist, Nathaniel Proctor, Yvonne Mims-Evans, Graham C. Mullen, Tim D. Smith, Thomas Porter, and Helms, Mulliss & Wicker PLLC

2. **Name of court and case or docket number:**

   Western District of North Carolina, 3:07 cv 371

3. **Disposition (for example, was the case dismissed? Was it appealed? Is it still pending?)**

   Recently filed and awaiting initial responses from defendants.

4. **Issues raised:**

   Deprivation and violations of Constitutional, Federal Civil Rights, Congressional Educational Act Rights, and State of North Carolina constitutional rights of minor by public and school officials under color of Law.

5. **When did you file the lawsuit?**

   Aug 31, 2007

   Date: Month / Year

6. **When was it (will it be) decided?**

   Unsure, I do not know.

**Have you previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part D?**

YES ____ NO ✓

**If your answer is "YES" briefly describe how relief was sought and the results. If your answer is "NO" explain why administrative relief was not sought.**

Plaintiff's father sought honest, reasonable, informal, & formal relief efforts with appropriate administrative officials. Defendants inflicted additional abuse by negligence & denying plaintiff's rights (under color of law) hindering his educational, social, personal development by not only ignoring his rights but permitting harassment & retaliation against the person attempting to assert, exercise, & protect a child who has again been made to suffer by the defendants depriving him of the substance & fulfillment of the rewards of enjoying his life, rights, privileges, & immunities. Plaintiff should not be deprived of any additional lost moments of happiness by the indifference shown him; therefore, no other avenue is available.

## G. REQUEST FOR RELIEF

**I believe I am entitled to the following relief:**
- Injunction Relief ordering CMS to immediately place student in his correct grade (7th).

- Trail by Jury as to all counts.

- Civil Rights violation case filed against defendants by U.S. Attorney General.

- An indictment of each of the defendants for the identified violations and deprivations of Alfred Thomas's Federal, Civil, Constitutional, Educational, and Child Rights (including violations of his rights under the Civil rights Act of 1964 of Title (Title II, IV, VI, VII).

- An Injunction Order mandating Equity of all rights, privileges, and immunities of Alfred Thomas.

- Reprimand & Sanctions of defendants who have violated, denied, abused, conspired against plaintiff's rights should be punished and General, Punitive, Special and Compensatory Damages to Alfred Thomas of the following amounts:

- Immediate termination of Michele E. Morris & complaint of her abuses submitted to NC State Bar by the US & State Attorney General requesting that she be disbarred.

- Immediate termination of U.S. Department of Education Alice B. Wender, Director, District of Columbia Office for Civil Rights & FERPA Director LeRoy S. Rooker.

| | |
|---|---|
| U.S. Department of Education: | $50,000,000 |
| Charlotte-Mecklenburg Schools: | $20,000,000 |
| Michele E. Morris: | $1,000,000 |
| Raymond Giovanelli: | $1,000,000 |
| Maria B. Petrea: | $1,000,000 |
| James G. Middlebrooks: | $2,500,000 |
| Mark W. Johnson: | $2,500,000 |
| *Total for damages | $78,000,000 |

*Plaintiffs reserve the right to modify terms & levels of relief & damages as plaintiffs deem appropriate.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C. §1621.

Executed at _Charlotte, N.C.,_ on _9/15/07_.
          (Location)                 (Date)

_____
Signature  Alfred T. Thomas (minor)

_____
Signature  Annie R. Smith
(Grandmother of Alfred T. Thomas with permission of the father of plaintiff).

   I, Randy L. Thomas (father of Alfred T. Thomas), do hereby give permission for Annie R. Smith to file a complaint on behalf of my son (Alfred T. Thomas).

_____
Signature:  Randy L. Thomas